UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>             Defendant. | Case No. 1:25-cv-00136-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR EMERGENCY TEMPORARY PROTECTIVE ORDER<br><br>(Doc. 4)<br><br>**14-DAY OBJECTION PERIOD**<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED<br><br>(Doc. 1)<br><br>**14-DAY DEADLINE**<br><br>ORDER DENYING MOTION TO EXPEDITE AND CONSTRUED MOTIONS TO AMEND AND REQUESTS FOR SUBPOENA, TO SEAL, AND SEIZE<br><br>(Docs. 6, 7, 8) |

## I.     Relevant Background

Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on February 3, 2025. (Doc. 1, 5). Plaintiff

asserts a violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Defendant State of California ("Defendant"), alleging that since July 2021, County of Kern and State of California "law enforcement agencies and officials are violating [his] online privacy and policy of [his] phones and computers." (Doc. 1 at 5). Plaintiff alleges these officers started "violating by online surveillance and monitoring and tracking [his] phone and computers and since December 2022 [the] State [of] California administered [*unintelligble*] committing crime of … 18 U.S.C. [§] 1519[.]" (*Id.*). Plaintiff alleges in his complaint that he requests "emergency protective orders to order for [the] recovery of … 25 million and to protect electronic devices … and protect electronic communication and documents and request for time to file a brief for relief and request for order for recovery of loss and damages." (Doc. 1 at 6). Plaintiff further requests an "emergency order to protect" all his "phones and computer[s]" from "any search[,]" monitoring, tracking, and screen viewing and recording" and also requests "for time to file a brief." (*Id.*).

Two days after his filing of the complaint, on February 5, 2025, Plaintiff filed a motion for emergency temporary protective order and attached therewith an affidavit. (Doc. 4). Plaintiff requests that the Court enter a temporary protective order to protect his "data, documents, evidences, online search of data, blobs, data imageries, registries, online profiles, accounts, emails, [and] phone numbers." (*Id.* at 2). Plaintiff further requests "for orders to have protection against unlawful online data mining and analyzing, monitoring, tracking of electronic devices, [and] unlawful management of intermediate search engine optimizations for personalized [] device[s]." (*Id.*). Plaintiff "request[s] emergency temporary protective orders until briefing the matters[.]" (*Id.* at 4). Plaintiff requests a court hearing for September 2025 (*id.* at 1) and notices a hearing for September 2, 2025. (*Id.* at 5).

On February 26, 2025, Plaintiff filed a motion for expedited treatment. (Doc. 6). Specifically, Plaintiff requests the Court expedite his request for emergency temporary protective order and "ignore all clerical mistakes" in his filed motions. (*Id.*). On March 6, 2025, Plaintiff filed a motion to add a second cause of action to his complaint for violation of 18 U.S.C. § 1512 and request for subpoena (Doc. 7) and a separate motion to add a third cause of action and a

request to seal and seize (Doc. 8).

## II. Motion for Emergency Temporary Protective Order (Doc. 4)

### A. Applicable Authority

A temporary restraining order (TRO) is an extraordinary and temporary "fix" that the Court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Espinoza v. Mroczek*, No. 2:23-cv-00228-TLN-JDP, 2023 WL 1869182, at *1 (E.D. Cal. Feb. 9, 2023) (citing Fed. R. Civ. P. 65(b)(1)(A)); *see* E.D. Cal. Local Rule 231(a). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. "A preliminary injunction [or TRO][1] is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted); *see, e.g., Babaria*, 87 F.4th at 980 ("We need not consider the remaining Winter factors because plaintiffs fail to show a likelihood of success on the merits.").

### B. Analysis

Plaintiff fails to establish the requisite factors to succeed on his request for a TRO. The undersigned notes Plaintiff is not likely to succeed on the merits of his claims as his claims appear to be time-barred under the two-year statute of limitations for § 1983 claims.

---

[1] "The legal standards applicable to TROs and preliminary injunctions are substantially identical." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (quotations and citations omitted).

The statute of limitations for § 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to Section 1983 claims. *Id.* (applying two-year statute of limitations to the plaintiff's breach of privacy- and confidentialiry-based claims); *see* Cal. Code Civ. P. § 335.1. Accordingly, Plaintiff's § 1983 claims are subject to a two-year statute of limitations under California Code of Civil Procedure § 335.1. *A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417, at *1 (E.D. Cal. Nov. 5, 2024). Accrual of § 1983 claims is dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur and a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999). "For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs ... even if the person does not know at the time that the search was warrantless." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022).

The abuse underlying Plaintiff's claims allegedly began on July 2021 and Plaintiff alleges Defendant took other, unspecified action in December 2022 constituting a crime. (Doc. 1 at 5). The present action was filed on February 3, 2025. (*See id.*). Regardless of whether Plaintiff's claims accrued in July 2021 or December 2022, the statute of limitations would have run before the complaint was filed in February 2025 and, thus, the complaint would be untimely. Accodingly, to proeed on these claims, Plaintiff must either establish that his claims accrued at a later date and/or that the limitations period for those claims should be equitably tolled.

Here, for Plaintiff's claims related to the unreasonable search of his electronic devices, the statute of limitations began to accrue "[o]n or around July 2021" when "local law enforcement [and] County of Kern officers start[ed] violating[.]" (Doc. 1 at 5). Plaintiff has not alleged whether his claims are tolled nor does the undersigned find any tolling statutes applicable here. Thus, it appears Plaintiff's claims are time-barred under the statute of limitations, and

Plaintiff therefore fails to establish that he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20.

Aside from lacking a likelihood of prevailing on the merits, Plaintiff fails to establish that he is likely to suffer immediate and irreparable harm in the absence of preliminary injunctive relief. In Plaintiff's motion for TRO, he requests "time until September 2025" to file a "brief with evidences" in support of his request for emergency protective relief. (Doc. 4 at 1). Plaintiff represents that he has evidence to "provide to the [C]ourt for unlawful changings in internal programming of [his] operating systems of phones and computers which [are] continuing … causing [him] irreplaceable physiological harm." (*Id.* at 2). He asserts that "[t]he blocking from all online systems and block all communication … deprive to [his] online freedom." (*Id.*). However, requesting "time until September 2025" to allow Plaintiff time to "brief[] the matters"—seven months from the date of this order—is fatal to establishing immediate and irreparable harm and is inapposite to the extraordinary remedy of a TRO, which seeks to protect the status quo for only a finite amount of time. *See* Fed. R. Civ. P. 65(b)(2) ("[A TRO] expires at the time after entry—not to exceed 14 days—that the court sets[.]"). Further, Plaintiff's "long delay before seeking [a TRO] implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Because Plaintiff fails to plead or show he is likely to suffer immediate and irreparable injury other than general and conclusory allegations that his online data is being unlawfully monitored, Plaintiff's TRO fails on this factor. *Mazurek v. Armstrong*, 529 U.S. 968, 972 (1997) (The likely harm must be supported by a "clear showing.").

Accordingly, because Plaintiff failed to establish the threshold factors that he is likely to succeed on the merits of his claim or otherwise that he is likely to face immediate and irreparable harm, the undersigned recommends that Plaintiff's motion for emergency temporary protective order (Doc. 4) be denied.

III. **Motion for Expedited Treatment (Doc. 6)**

This Court does not have an expedited calendar. As of the date of this Order, the undersigned presides over more than 450 civil cases in various states of litigation. While the

Court regrets the delays in the litigation of this action that are unavoidable given the tremendous judicial resource emergency experienced throughout this District, Plaintiff cites no authority—and the Court is aware of none—to persuade the undersigned that Plaintiff's case merits expedited or favored treatment to the detriment of other cases pending on the Court's docket. Accordingly, the Court will dney Plaintiff's motion to expedite (Doc. 6).

### IV.  Order to Show Cause

Separately, as noted above, the undersigned finds this action may be time-barred under the two-year statute of limitations pursuant to California Code of Civil Procedure § 335.1, and no tolling provisions appear applicable. Therefore, the undersigned will order Plaintiff to show cause in writing why this action should not be dismissed as time-barred.

### V.  Order on Construed Motions to Amend, for Subpoena, and to Seal/Seize (Docs. 7, 8)

As noted above, Plaintiff filed a motion to add a second cause of action to his complaint for violation of 18 U.S.C. § 1512 and request for subpoena (Doc. 7) and a motion to add a purported third cause of action as a request to seal and seize (Doc. 8).

In reviewing a pro se complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

Insofar as Plaintiff moves for leave to amend his complaint to add causes of action, which he may do as a matter of right under Federal Rule of Civil Procedure 15(a)(1), granting such leave to add those proposed amendments would be futile. Specifically, Plaintiff seeks to add a second cause of action for violation of 18 U.S.C. 1512, a criminal statute that does not provide a private right of action. *See* 18 U.S.C. § 1512. Plaintiff, as a private individual, cannot pursue claims against Defendant under that criminal statute. *See. e.g., Aldabe v. Aldabe*, 616 F.2d 1089,

1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); *Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr. 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.") (quotation and citation omitted).

Additionally, Plaintiff's purported third cause of action (Doc. 8) does not state a claim for relief, and instead seeks a "request for seal and seiz[ure]" which the undersigned construes as a separate motion for relief. Thus, the proposed amendments are futile. Further, Plaintiff's proposed amendments fail to comply with Local Rule 220, which requires any amended pleading to be "retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." *See* E.D. Cal. Local Rule 220. Thus, Plaintiff's motion to amend will be denied. Plaintiff is advised that should he seek to amend his complaint, the amended complaint must be complete in itself without reference to the prior or superseded pleading; Plaintiff must re-plead all elements of his claims, including all relevant facts.

Plaintiff's request for subpoena (Doc. 7) is improper as this case has not yet been scheduled nor has discovery commenced. Accordingly, that request will be denied. *See* E.D. Cal. Local Rule 250.5(d); Fed. R. Civ. P. 45. Additionally, Plaintiff's construed requests to seal and "seize" are denied as improper. *See* E.D. Cal. Local Rule 141(b).

### VI. Conclusion, Order, and Recommendations

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff is ordered to show cause in writing **within 14 days** from the date of service of this order why this action should not be dismissed as time-barred. **Any failure by**

**Plaintiff to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute**. Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order[.]"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); and

2. Plaintiff's motion to expedite (Doc. 6) and construed motions to amend and requests for subpoena, to seal, and for seizure (Docs. 7, 8) are DENIED.

And it is **HEREBY RECOMMENDED** that:

1. The Court DENY Plaintiff's motion for emergency temporary protective order (Doc. 4).

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **March 10, 2025**

UNITED STATES MAGISTRATE JUDGE