UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:25-cv-00136-JLT-CDB<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR EMERGENCY ORDER FOR FINANCIAL HARDSHIP<br><br>(Docs. 13, 14) |

　　　　Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on February 3, 2025. (Doc. 1, 5).

　　　　Pending before the Court is Plaintiff's requests for emergency order for financial hardship and affidavits in support thereof, filed on March 18, 2025 (Doc. 13) and on March 21, 2025 (Doc. 14). In Plaintiff's first request, he asks the Court "to make an order [of] some amount which [is] required in the emergency [for] relief from … financial hardship" which he purports stems from County of Kern and the City of Bakersfield's "false arrests" and the imposition of "false criminal charges" against him that caused his "businesses [to] shut down" and "forced [him] to short sales of [his] properties in loss." (Doc. 13 ¶¶ 4-5, 18). Plaintiff avers that "until orders for relef for financial hardship, and until orders for protection are [made], … [he] can't file brief[s] for … any motion, … can't provide evidence, and can't bring any new action for anything directly against anyone." (*Id.* ¶ 20). Plaintiff therefore requests the Court

"order in emergency for financial hardship for total sum of amount … $29000.00" and "not to order to make [the] check, and not order to email any e-check and do not order for any online deposit in any way." (*Id.* ¶¶ 21, 22). Plaintiff requests the Court make such order through "physical cashier check" within "two business day[s]" from the date of the request and "without any court hearing." (*Id.* ¶¶ 24, 25). Plaintiff avers that the Court "must order only" because he "cannot afford gas" and his car cannot "travel these many miles again … to get there to file in-person" and the Court "should now order for [him] without making [him] do do any more efforts." (*Id.* ¶¶ 26, 27). In Plaintiff's March 21, 2025, request, he asks the Court for an order for a "total sum of amount for recovery [of] $143478.23" for "loss and damages of personal household and business properties[.]" (Doc. 14 at 4). Plaintiff further requests the Court for an order "transferring all complete court case number BFL-19-004449 from family law court"and handwrites "removal of jurisdiction of state and county kern" above that request. (*Id.* at 2-3).

Here, Plaintiff appears to request the Court grant him an emergency order for financial hardship in the amount of $290,000 made payable by physical cashier's check within two business days of receiving the request and also a request for an order awarding him $143,478.23. However, the Court notes that Plaintiff does not identity or cite any source of authority for the relief he seeks or that the Court may properly award the relief sought. Further, the Court is unpersuaded that Plaintiff is somehow unable to file briefs for any motion, provide evidence, "bring any new action for anything against anyone" or otherwise prosecute this case absent the relief he seeks, and his allegations of financial hardship from prosecuting this case are not logical given Plaintiff already proceeds *in forma pauperis* in this action. *See* (Doc. 5) (Order granting Plaintiff's motion to proceed *in forma pauperis*). Insofar as Plaintiff seeks to remove the identified state court action to this Court, he is advised that pursuant to 28 U.S.C. § 1446, removal is not proper as a Plaintiff and that request is denied. *See* 28 U.S.C. § 1446(a) ("a *defendant* or *defendants* desiring to remove any civil action from a State court shall file in the district court … a pending notice of removal[.]") (emphasis added).

Separately, Plaintiff is reminded that pursuant to the Court's March 17, 2025, order (Doc. 12), he must file within **30 days** from the date of service of that order any objections to the

Court's March 10, 2025, orders and findings and recommendations (Doc. 9), and respond to the order to show cause why this action should not be dismissed as time-barred.

### Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's requests for emergency order for financial hardship (Docs. 13, 14) are DENIED; and

2. Plaintiff is DIRECTED to comply with the Court's March 17, 2025, order (Doc. 12) and file within **30 days** from the date of service of that order any objections to the Court's March 10, 2025, orders and findings and recommendations (Doc. 9), and respond to the order to show cause why this action should not be dismissed as time-barred.

**Any failure by Plaintiff to comply with this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute**.

IT IS SO ORDERED.

Dated: __March 24, 2025__                    _____
                                              UNITED STATES MAGISTRATE JUDGE