UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:25-cv-00136-JLT-CDB<br><br>ORDER DISCHARGING MARCH 10, 2025, ORDER TO SHOW CAUSE<br><br>(Docs. 9, 16)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS TIME-BARRED<br><br>(Docs. 1, 9, 16)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on February 3, 2025. (Doc. 1, 5). Plaintiff asserts a violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Defendant State of California ("Defendant"), alleging that since July 2021, County of Kern and State of California "law enforcement agencies and officials are violating [his] online privacy and policy of [his] phones and computers." (Doc. 1 at 5).

**Discharging Order to Show Cause (Doc. 9)**

On March 10, 2025, the undersigned issued findings and recommendations to deny

1

1  Plaintiff's motion for emergency temporary protective order[1] and entered an order that (1) denied

2  Plaintiff's motion to expedite and construed motions to amend and requests for subpoena, to seal,

3  and seize, and (2) ordered Plaintiff to show cause ("OSC") in writing why the action should not

4  be dismissed as time-barred.  (Doc. 9).  The undersigned noted in the OSC that "this action may

5  be time-barred under the two-year statute of limitations pursuant to California Code of  Civil

6  Procedure § 335.1, and no tolling provisions appear applicable."  (*Id.* at 6); (*see also id.* at 3-4) (

7  "The undersigned notes Plaintiff is not likely to succeed on the merits of his claims as his claims

8  appear to be time-barred under the two-year statute of limitations for § 1983 claims. … Plaintiff

9  has not alleged whether his claims are tolled nor does the undersigned find any tolling statutes

10  applicable here.").  Plaintiff was ordered to file a response to the OSC within 14 days from the

11  date of service of the order.  (*Id.* at 8).  On March 17, 2025, the Court extended the time for Plaintiff

12  to respond to the Court's order to show cause by 30 days from the date of service of the order.

13  (Doc. 12).

14       Pending before the Court is Plaintiff's timely response to the order to show cause and

15  objections to findings and recommendations, filed on March 25, 2025.  (Doc. 16).  In his filing,

16  Plaintiff requests the Court "reconsider all matters … made" to his requests for emergency

17  temporary protective order and to reconsider the magistrate judge's denials of his previous

18  requests, including for amendment, subpoena, seizure, and to seal, and for financial hardship and

19  removal.  (*Id.* at 2, 24-25); *see* (Doc. 9) (order denying motion to expedite and construed motions

20  to amend and requests for subpoena, to seal, and seize); (Doc. 15) (order denying requests for

21  emergency order for financial hardship and construed motion for removal).  Plaintiff does not

22  address whether the applicable statute of limitations provision bars this action, does not identify

23  any applicable tolling provisions, and otherwise fails to address the time-bar issue entirely.  *See*

24  (Doc. 16).

25       In light of Plaintiff's timely response to the order to show cause, the Court's March 10,

26  2025, order to show cause (Doc. 9) is discharged without imposition of sanctions.  For the reasons

27

28       [1] The assigned district judge adopted the findings and recommendations and denied Plaintiff's request for temporary protective order on March 28, 2025.  (Doc. 17).

1  set forth below, the undersigned will recommend this action be dismissed with prejudice because

2  Plaintiff's claims are time-barred under the applicable statute of limitations.

3  **Findings and Recommendations to Dismiss Action With Prejudice As Time-Barred**

4  A time-barred claim may be dismissed at the screening stage when expiration of the

5  applicable statute of limitations is apparent on the face of the complaint.  *E.g., Belanus v. Clark*,

6  796 F.3d 1021, 1026-27 (9th Cir. 2015); *see Von Saher v. Norton Simon Museum of Art at*

7  *Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the

8  ground that it is barred by the applicable statute of limitations only when "the running of the statute

9  is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th

10 Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that

11 it is barred by the statute of limitations "if the assertions of the complaint, read with the required

12 liberality, would not permit the plaintiff to prove that the statute was tolled").  "A complaint cannot

13 be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would

14 establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc.*

15 *v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

16 Section 1983 does not contain a statute of limitations.  Without a federal limitations period,

17 the federal courts "apply the forum state's statute of limitations for personal injury actions, along

18 with the forum state's law regarding tolling, including equitable tolling, except to the extent any

19 of these laws is inconsistent with federal law."  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766

20 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th

21 Cir. 2007)).  California's statute of limitations for personal injury claims is two years. Cal. Civ. P.

22 Code § 335.1; *see Canatella*, 486 F.3d at 1132 (applying two-year statute of limitations to the

23 plaintiff's breach of privacy- and confidentiality-based claims).  Accordingly, Plaintiff'Section

24 1983 claims are subject to a two-year statute of limitations under California Code of Civil

25 Procedure § 335.1. *A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417,

26 at *1 (E.D. Cal. Nov. 5, 2024).

27 The applicable statute of limitations begins to run upon accrual of the plaintiff's claim.

28 *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).   Accrual of Section 1983 claims is

1    dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows

2    or has reason to know of the injury that is the basis of the action and the cause of that injury."

3    *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *Ward v. Westinghouse*

4    *Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994) ("An action ordinarily accrues on the date of

5    injury."). This does not mean that a plaintiff must be aware of the full extent of the injuries for

6    accrual to occur and a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v.*

7    *Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999). "For Fourth Amendment

8    violations, federal law holds that a cause of action for illegal search and seizure accrues when the

9    wrongful act occurs ... even if the person does not know at the time that the search was

10   warrantless." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022).

11   Here, the abuse underlying Plaintiff's claims allegedly began on July 2021 and Plaintiff

12   alleges Defendant took other, unspecified action in December 2022 constituting a crime. (Doc. 1

13   at 5). For Plaintiff's claims related to the unreasonable search of his electronic devices, the statute

14   of limitations began to accrue "[o]n or around July 2021" when "local law enforcement [and]

15   County of Kern officers start[ed] violating[.]" (*Id.*). The present action was filed on February 3,

16   2025. (*See id.*). Regardless of whether Plaintiff's claims accrued in July 2021 or December 2022,

17   the statute of limitations would have run before the complaint was filed in February 2025 and,

18   thus, the complaint would be untimely. Accordingly, to proceed on these claims, Plaintiff must

19   either establish that his claims accrued at a later date and/or that the limitations period for those

20   claims should be equitably tolled.

21   "Equitable tolling under California law 'operates independently of the literal wording of

22   the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure

23   fundamental practicality and fairness.'" *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004)

24   (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's

25   equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar

26   of his claim against the effect upon the important public interest or policy expressed by the ...

27   limitations statute." (*Id.*) (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining

28   applicability of equitable tolling, lower courts are directed to consider the extent to which

4

1  defendant had notice of the instant claims in an earlier action, prejudice to the defendant, and the

2  plaintiff's good faith in filing the second claim. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

3          In conducting this balancing here, the undersigned is mindful of the public policy interest

4  in ensuring prompt resolution of legal claims and ensuring fairness to Defendant such that they

5  may defend the case while witness memories and evidence have not materially deteriorated.  The

6  undersigned balances these equities against any injustice Plaintiff will suffer were his claims

7  rejected on grounds of untimeliness.  Here, the undersigned does not discern from the allegations

8  in Plaintiff's complaint that he was incapable of timely litigating his claims or that enforcing

9  California's statutory tolling regimes would result in a fundamental unfairness.  As set forth above,

10 Plaintiff was on notice of the bases of his current claims as early as July 2021 when he alleged that

11 "local law enforcement [and] County of Kern officers start[ed] violating[.]"  (Doc. 1 at 5).

12 Moreover, Plaintiff has not alleged whether his claims are tolled and has otherwise failed to address

13 the time-bar issue in response to the OSC, and the undersigned does not find any tolling statutes

14 applicable here.  Thus, Plaintiff's claims are time-barred under the statute of limitations.

15          The undersigned has considered whether and the extent to which the statute of limitations

16 may not have expired under the doctrine of "continuing violations" given Plaintiff's conclusory

17 allegation that his online privacy rights have been violated by Defendants "since the year of 2021."

18 (Doc. 1 at 5).  First, it is not clear whether the continuing violations doctrine applies to Fourth

19 Amendment claims brought under 42 U.S.C. § 1983.  *See Pontillo v. Stanislaus Cnty.*, No. 1:16-

20 cv-01834-DAD-SKO, 2017 WL 3394126, at *6 (E.D. Cal. Aug. 8, 2017) (citing cases).  However,

21 even if the doctrine applies, it would not save this action from the statute of limitations.  As

22 addressed above, both of the pleaded violations (July 2021 and December 2022) were actionable

23 on their own without a continuing pattern of alleged violation and there was no need to wait for

24 more to occur to make those claims cognizable.  *See id.* Accord *Costa v. Santa Ana Police Dep't*,

25 No. 8:21-cv-01774-MWF-JDE, 2022 WL 2193301, at *5 (C.D. Cal. June 17, 2022) (noting

26 continuing violations doctrine did not apply where plaintiff alleged specific Fourth Amendment

27 violations that occurred on specific dates).

28 ///

**Conclusion, Order, and Recommendations**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Court's March 10, 2025, order to show cause (Doc. 9) is DISCHARGED.

And it is **HEREBY RECOMMENDED** that:

1.  This action (Doc. 1) be DISMISSED WITH PREJUDICE as time-barred.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 31, 2025**                        _____
                                                                  UNITED STATES MAGISTRATE JUDGE

6