UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:25-cv-00136-JLT-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 24)<br><br>ORDER DIRECTING CLERK OF THE COURT TO DOCKET OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Tanbeer Singh Brar seeks to hold the State of California liable for violating his right to privacy under the Fourth Amendment pursuant to 42 U.S.C. § 1983.  He contends that since July 2021, the County of Kern and State of California "law enforcement agencies and officials are violating [his] online privacy and policy of [his] phones and computers." (Doc. 1 at 5).

　　　　After considering Plaintiff's application for emergency relief and having conducted a preliminary review of Plaintiff's complaint, on March 10, 2025, the undersigned issued findings and recommendations to deny Plaintiff's motion for emergency temporary protective order[1] and ordered Plaintiff to show cause in writing why the action should not be dismissed as time-barred.

---

[1] The assigned district judge adopted the findings and recommendations and denied Plaintiff's request for temporary protective order on March 28, 2025.  (Doc. 17).

1 (Doc. 9).

2     Following Plaintiff's timely response to the show cause order and objections to findings
3 and recommendations, on March 31, 2025, the undersigned discharged the show cause order and
4 issued Findings and Recommendations that this action be dismissed with prejudice because
5 Plaintiff's claims are time-barred under the applicable statute of limitations. (Doc. 19 at 2-3).
6 Plaintiff was provided 14 days, *i.e.*, to April 14, 2025, to file written objections with the Court
7 following service of the findings and recommendations. (*Id.* at 6). On April 7, 2025, Plaintiff
8 timely filed objections to the Findings and Recommendations. (Doc. 21).

9     On April 14, 2025, Plaintiff hand-delivered to the Clerk of the Court's office (1) a motion
10 to file under seal objections to the undersigned's Findings and Recommendations (Doc. 24), and
11 (2) a 35-page document consisting of Plaintiff's objections.

12     **Discussion**

13     The sealing of documents in this Court is governed by federal law and Local Rule 141.
14 Relevant here, documents may be sealed "only by written order of the Court, upon the showing
15 required by applicable law." Local Rule 141(a). In support of a motion to seal, the filing party
16 must submit a "Notice" and a separate "Request to Seal" that sets forth the statutory or other
17 authority for sealing, the requested duration of the sealing, the identity, by name or category, of
18 persons to be permitted access to the documents, and all other relevant information. Local Rule
19 141(b).

20     Here, the Court construes Plaintiff's filing titled "Motion" (Doc. 24) to be the "Notice" to
21 seal required under Local Rule 141. However, Plaintiff has not submitted a separate "Request to
22 Seal" that identifies the statutory or other basis for the requested sealing of Plaintiff's objections.
23 The Court has reviewed the Notice (Doc. 24) and 35-page "Objections" that Plaintiff seeks to file
24 under seal and notes that neither document identifies the basis for the sealing.

25     On pages 14 and 15 of Plaintiff's 35-page "Objections," Plaintiff includes a handwritten
26 statement that he requests his objections be sealed because he advances therein allegations of
27 misconduct against identified County of Kern employees for whom he has made complaints with
28 the Bakersfield Police Department. Although not clear, Plaintiff appears to indicate that he has

made an agreement with unidentified parties to not pursue relief in court for these allegations of misconduct.

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publishing Co.*, 920 F.2d at 1466 (citing *Press Enterprise*, 464 U.S. at 510).

Here, Plaintiff has not identified a compelling interest warranting the sealing of his objections. The mere reference to allegations of misconduct against public employees and the fact of Plaintiff's reporting of such misconduct to law enforcement does not implicate a compelling interest. Although Plaintiff vaguely refers to his fear that disclosure of his objections may cause a "circumstance deprive to [his] life or [illegible] withholding [his] child for that" ("Objections" at p. 15), it is entirely unclear to the undersigned how any such fear is reasonable. In short, Plaintiff fails to carry his burden of rebutting the presumed right of access to his objections to the Findings and Recommendations to dismiss his case. *See Press-Enterprise Co.*, 464 U.S. at 510 (1985); *Center for Auto Safety*, 809 F.3d at 1096.

///

///

///

///

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's request to file under seal his further objections (Doc. 24) is DENIED; and
2. The Clerk of the Court is DIRECTED to file on the public docket the 35-page document hand-delivered by Plaintiff to the Clerk of the Court's office on April 14, 2025, titled "Objection Magistrate Judge's Finding and Recommendations and Motion for Propose Orders."

IT IS SO ORDERED.

Dated: **April 17, 2025**

UNITED STATES MAGISTRATE JUDGE