UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:25-cv-00136-JLT-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITH PREJUDICE AS TIME-BARRED<br><br>(Doc. 19) |

　　　　Tanbeer Singh Brar seeks to hold the State of California liable for violating his right to privacy under the Fourth Amendment pursuant to 42 U.S.C. § 1983. He contends that since July 2021, the County of Kern and State of California "law enforcement agencies and officials are violating [his] online privacy and policy of [his] phones and computers." (Doc. 1 at 5.)

　　　　After considering Plaintiff's application for emergency relief and having conducted a preliminary review of Plaintiff's complaint, on March 10, 2025, the assigned magistrate judge issued findings and recommendations to deny Plaintiff's motion for emergency temporary protective order[1] and ordered Plaintiff to show cause in writing why the action should not be dismissed as time-barred. (Doc. 9.) The magistrate judge noted in the show cause order that "this action may be time-barred under the two-year statute of limitations pursuant to California Code of Civil Procedure § 335.1, and no tolling

---

[1] The Court adopted the findings and recommendations and denied Plaintiff's request for temporary protective order on March 28, 2025. (Doc. 17.)

provisions appear applicable." (*Id.* at 6; *see also id.* at 3–4 ( "Plaintiff is not likely to succeed on the merits of his claims as his claims appear to be time-barred under the two-year statute of limitations for § 1983 claims. . . . Plaintiff has not alleged whether his claims are tolled nor does the undersigned find any tolling statutes applicable here.").) Following an extension of time (Doc. 12), Plaintiff timely filed a response to the show cause order and objections to findings and recommendations filed on March 25, 2025. (Doc. 16.)

Thereafter, the magistrate judge discharged the show cause order and issued findings and recommendations that this action be dismissed with prejudice because Plaintiff's claims are time-barred under the applicable statute of limitations. (Doc. 19 at 2–3.) The magistrate judge found that "Plaintiff was on notice of the bases of his current claims as early as July 2021"; that Plaintiff "has not alleged whether his claims are tolled and has otherwise failed to address the time-bar issue in response to the OSC"; and that no "tolling statutes [are] applicable here." (*Id.* at 5.) On April 7, 2025, Plaintiff timely filed objections to the findings and recommendations. (Doc. 21.) On April 14, 2025, Plaintiff hand-delivered to the Court: (1) a motion to file under seal further objections to the findings and recommendations (Doc. 24), and (2) a 35-page document consisting of Plaintiff's further objections (Docs. 26, 27). On April 17, 2025, the Court denied Plaintiff's motion to file his objections under seal and directed the Clerk of the Court to docket Plaintiff's further objections. (Doc. 25).

The Court finds Plaintiff's objections (Docs. 21, 26, 27) are not responsive to the time-bar issue. Plaintiff re-asserts requests and arguments raised in previous motions, which have already been considered by the Court. (*See* Docs. 9, 15, 17.) He also advances allegations and claims related to his pending, renewed motions for leave to amend to file criminal causes of action (Docs. 22, 23), which are improper for the same reasons the Court previously articulated. (*See* Doc. 9 (order denying construed motions to amend because Plaintiff, a private individual, cannot pursue claims against Defendant under criminal statutes as proposed); Doc. 17 ("To the extent Plaintiff also seeks reconsideration of other rulings of the magistrate judge pursuant to [FRCP] Rule 27(a) . . . including the denials of his various motions for amendment … Plaintiff fails to show such [] rulings were clearly erroneous or contrary to law.").)

Plaintiff's objections appear to identify an instance or offense that occurred after the filing of the

complaint. (*See* Doc. 27 at 3.) Plaintiff mentions that he has video evidence recorded on February 19, 2025 of "frauds and crimes" that shows he was provided "documents which never existed before" by a "lower court" identified as the Superior Court of the County of Kern. (*See id.* at 3–8.) To the extent Plaintiff seeks to show a continuing violation or raise a separate issue to escape the time bar of the statute of limitations, the Court is unpersuaded. As the Court previously explained, the "continuing violations" doctrine does not save Plaintiff's claims from the time bar (*see* Doc. 19 at 5), and the more recent (February 19, 2025) but isolated and ill-defined acts referenced in Plaintiff's objections (Doc. 26 at 3, 6, 7, 10) do not warrant departure from that conclusion.[2]

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter entire matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued March 31, 2025 (Doc. 19) are **ADOPTED IN FULL**.
2. This action (Doc. 1) is **DISMISSED WITH PREJUDICE** as time-barred.

IT IS SO ORDERED.

Dated:    **April 21, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] For these reasons, Plaintiff's motion for leave to file an criminal complaint (Doc. 22) and amended complaint (Doc. 23) are also **DENIED**. The Court has already addressed whi it cannot start a criminal proceeding against the Defendants and why amendment is otherwise inappropriate.

3