1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**
9     **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  TANBEER SINGH BRAR, | Case No. 1:25-cv-00136-JLT-CDB |
| 12              Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| 13       v. | (Doc. 30) |
| 14  STATE OF CALIFORNIA, | |
| 15              Defendant. | |
| 16 | |

17          Tanbeer Singh Brar filed this suit pursuant to 42 U.S.C. § 1983 in an attempt to hold the State of

18   California liable for violating his right to privacy under the Fourth Amendment. He contends that since

19   July 2021, the County of Kern and State of California "law enforcement agencies and officials are

20   violating [his] online privacy and policy of [his] phones and computers." (Doc. 1 at 5.)

21          After considering Plaintiff's application for emergency relief and having conducted a

22   preliminary review of Plaintiff's complaint, on March 10, 2025, the assigned magistrate judge issued

23   findings and recommendations to deny Plaintiff's motion for emergency temporary protective order[1]

24   and ordered Plaintiff to show cause in writing why the action should not be dismissed as time-barred.

25   (Doc. 9.) The magistrate judge noted in the show cause order that "this action may be time-barred under

26   the two-year statute of limitations pursuant to California Code of Civil Procedure § 335.1, and no

27

28   ─────────────────────────
[1] The Court adopted the findings and recommendations and denied Plaintiff's request for temporary protective order on March 28, 2025. (Doc. 17.)

tolling provisions appear applicable." (*Id.* at 6; *see also id.* at 3–4 ( "Plaintiff is not likely to succeed on the merits of his claims as his claims appear to be time-barred under the two-year statute of limitations for § 1983 claims. . . . Plaintiff has not alleged whether his claims are tolled nor does the undersigned find any tolling statutes applicable here.").) Following an extension of time (Doc. 12), Plaintiff timely filed a response to the show cause order and objections to findings and recommendations filed on March 25, 2025. (Doc. 16.)

Thereafter, the magistrate judge discharged the show cause order and issued findings and recommendations that this action be dismissed with prejudice because Plaintiff's claims are time-barred under the applicable statute of limitations. (Doc. 19 at 2–3.) The magistrate judge found that "Plaintiff was on notice of the bases of his current claims as early as July 2021"; that Plaintiff "has not alleged whether his claims are tolled and has otherwise failed to address the time-bar issue in response to the OSC"; and that no "tolling statutes [are] applicable here." (*Id.* at 5.) On April 18, 2025, the Court adopted the findings and recommendations, concluding that Plaintiff's objections (Docs. 21, 26, 27) were not responsive to the time-bar issue. (Doc. 28.) The case was dismissed with prejudce and judgment entered the same day. (Docs. 28, 29.)

On April 30, 2025, Plaintiff moved for reconsideration of the dismissal. (Doc. 30.) He appears to argue that the Court erred by applying state law to the statute of limitations issue and by not addressing his requests for emergency protective orders. (*See generally id.*)

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), reconsideration is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted).

Reconsideration of a final order of the district court may also be granted under Rule 60(b) of the Federal Rules of Civil Procedure, which provides that "[o]n motion and just terms, the court may

relieve a party or its legal representative from a final judgment, order, or proceeding." *Id*. Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, pursuant to the Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion does not provide any basis for overturning the Court's judgment pursuant to Rule 59(e) or Rule 60. As the Court has explained in its prior orders, the applicable statute of limitations is appropriately determined by reference to state law and injunctive relief is not appropriate on the record presented. (*See* Docs. 9, 17, 19, 28.) Thus, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration is **DENIED**.

2. Plaintiff is warned that repetitive or frivolous filings in this closed case may be summarily disregarded.

IT IS SO ORDERED.

Dated:  __May 1, 2025__

UNITED STATES DISTRICT JUDGE

3